UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WARREN LAMAR COATS,**
an individual,

      Plaintiff

vs.                                     Case No.: 3:08-cv-310-J-16JRK

**THE CITY OF JACKSONVILLE, FLORIDA,**
a political subdivision of the State of Florida;
**OFFICER MICHAEL PETERSEN,** in his
individual capacity; **UNKNOWN SUPERVISORY**
**AND OFFICERS OFTHE JACKSONVILLE**
**SHERIFF'S OFFICE,** known as "**John Does,**"
in their individual capacities as to all counts,

      Defendants.
_____/

## ORDER

Before the Court is Defendant, the City of Jacksonville's (the "City") Motion to Strike. (Dkt. 6). Plaintiff files a response in opposition (the "Response"). (Dkt. 10). For the reason that follows the Motion to Strike (Dkt. 6) will be **DENIED without PREJUDICE** to the City to refile.

Plaintiff filed his Complaint on November 21, 2007 (Dkt. 2), against the City, Officer Michael Peterson ("Officer Peterson") and other unnamed officers (the "John Does") seeking damages from injuries he allegedly received during his arrest on November 23, 2003. Plaintiff claims that during his arrest his constitutional and other rights were violated by Officer Peterson and the John Does. Specifically, Plaintiff claims that following his arrest he was beaten so badly that he required hospitalization.

In Counts II, III, IV, V and VI, Plaintiff purports to sue the John Does in their individual capacities for violating his civil rights (Counts II, III, IV and V) and for battery under Florida law

(Count VI). The City asks the Court to strike all claims that pertain to the John Does. The City claims that the Court must strike Counts II, III, IV, V and VI because the Federal Rules of Civil Procedure do not authorize suits against fictitious parties. The City further claims that even if Plaintiff were to learn the identities of the John Does, he would not be permitted to substitute the as of yet unnamed officers for the John Does because of an insurmountable statute of limitations bar.

Plaintiff responds through counsel that the Motion to Strike should be denied as premature. Plaintiff's counsel acknowledges the requirements of the Federal Rules. However, Plaintiff's counsel informs the Court that he suffered from a prolonged illness requiring hospitalization at or around the time the Complaint was filed. Plaintiff's counsel further informs the Court that he will file an amended complaint as soon as he is able to ascertain the identity of the John Does. Plaintiff's counsel does not directly address the statute of limitations issue raised by the City.

It is clear that Plaintiff and his counsel have been diligently attempting to ascertain the identities of the John Does despite Plaintiff's counsel's obvious incapacity while ill. Thus, the Court finds that the Motion to Strike (Dkt. 6) is **DENIED** as premature without prejudice to the City.

**DONE and ORDERED** in Jacksonville, Florida this 13th day of August, 2008.

JOHN H. MOORE II
United States District Judge

Copies to:   Plaintiff
             Counsel of Record